UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITA TALLEY COMBS,<br><br>       Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA;<br>SOUTHERN STATE OF NEW YORK,<br><br>       Defendants. | 1:22-CV-7244 (LTS)<br><br>ORDER TO SHOW CAUSE UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Marita Talley Combs (also known as Marita Talley or Marita Turner), who is a prisoner in the Women's Huron Valley Correctional Facility, in Ypsilanti, Michigan, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause, by declaration, within 30 days, as to why the Court should not recognize her as barred, under the Prison Litigation Reform Act's "three-strikes" provision, 28 U.S.C. § 1915(g), from filing federal civil actions IFP while she is a prisoner.

## PRISON LITIGATION REFORM ACT

  The Prison Litigation Reform Act ("PLRA") added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff has accumulated at least three strikes under the PLRA; it therefore appears that she is barred, under Section 1915(g), from filing federal civil actions IFP while she is a prisoner. *See Talley v. Novak*, 2:13-CV-12382 (E.D. Mich. July 19,

2013) (strike one; dismissed for failure to state a claim on which relief may be granted); *Turner v. Inge*, No. 1:13-CV-12743 (E.D. Mich. May 8, 2014) (strike two; dismissed for failure to state a claim on which relief may be granted); *Turner v. Fisher*, No. 13-CV-12744 (E.D. Mich. May 21, 2014) (recommending granting the defendants' motions to dismiss, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may be granted), *report & recommendation adopted*, (E.D. Mich. June 18, 2014) (strike three), *aff'd*, No. 14-1870 (6th Cir. June 17, 2015); *Turner v. Dep't of Corrs.*, No. 15-CV-11451 (E.D. Mich. Jan. 6, 2017) (strike four; dismissed as frivolous and for failure to state a claim on which relief may be granted; recognizing Plaintiff as barred under Section 1915(g)).

Because it appears that Plaintiff is barred under Section 1915(g), unless she is "under imminent danger of serious physical injury," she must pay the fees to bring this action. Plaintiff does not allege any facts showing that she was under imminent danger of serious physical injury at the time that she filed her complaint.[1] Plaintiff asserts claims against the United States of America and "the Southern State of New York" (the Court understands this to be the Southern District of New York), objecting to the use of a particular racial slur in the United States and in the Southern District of New York, and seeking the abolishment of that slur's use nationwide; none of her allegations even suggest that she was in imminent danger of serious physical injury when she filed her complaint. (ECF 2, at 5-6.)

### NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

---

[1] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore directs Plaintiff to show, by declaration, that, while she has been a prisoner, she has not filed three or more federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Plaintiff must submit her declaration within 30 days. If Plaintiff does not show cause by filing such a declaration, or if she fails to respond to this order, the Court will recognize her as barred under Section 1915(g), deny her IFP application, and dismiss this action without prejudice.[2]

## CONCLUSION

The Court directs Plaintiff to show cause, by declaration, as to why the Court should not recognize her as barred, under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g), from filing federal civil actions IFP while she is a prisoner. Plaintiff must file her declaration within 30 days, explaining any reason why the Court should not regard her as barred, under Section 1915(g), from bringing this action IFP. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff fails to respond to this order, or if she fails to show cause, the Court will recognize her as barred under Section 1915(g), deny her IFP application, and dismiss this action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] Plaintiff is not barred from filing a federal civil action by prepaying the fees to bring that action.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 28, 2022
       New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                    Chief United States District Judge