UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITA TALLEY COMBS,<br><br>                    Plaintiff,<br><br>           -against-<br><br>UNITED STATES OF AMERICA;<br>SOUTHERN STATE OF NEW YORK,<br><br>                    Defendants. | 1:22-CV-7244 (LTS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a prisoner, filed this action *pro se* and seeks to proceed *in forma pauperis* ("IFP"). On September 28, 2022, the Court: (1) noted that while Plaintiff has been a prisoner, she has filed three or more federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted; and (2) ordered Plaintiff, within 30 days, to show cause by declaration as to why the Court should not recognize her as barred, under the Prison Litigation Reform Act's "three-strikes" provision, 28 U.S.C § 1915(g), from filing federal civil actions IFP while she is a prisoner. Plaintiff has failed to file a declaration within the time allowed.

## CONCLUSION

The Court finds that while Plaintiff has been a prisoner, she has filed three or more federal civil actions or appeals that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Because Plaintiff has not filed a declaration as directed by the Court, the Court recognizes Plaintiff as barred under 28 U.S.C. § 1915(g), denies her IFP application, and dismisses this action without prejudice. Plaintiff is barred from filing future federal civil actions IFP while she is a prisoner unless she is

under imminent danger of serious physical injury.[1] *See* 28 U.S.C. § 1915(g). The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment for this action.

SO ORDERED.

Dated:   January 18, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] Plaintiff may commence a new federal civil action by paying the fees to bring such an action. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint filed by a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).