UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARITA TALLEY COMBS,

                Plaintiff,

-against-

UNITED STATES OF AMERICA;
SOUTHERN STATE OF NEW YORK,

                Defendants.

1:22-CV-7244 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

      By order dated September 28, 2022, the Court directed Plaintiff, who appears *pro se* and is currently incarcerated in the Women's Huron Valley Correctional Facility, in Ypsilanti, Michigan, to show cause by declaration, within 30 days, why the Court should not recognize her as barred, under the Prison Litigation Reform Act's "three-strikes provision," 28 U.S.C. § 1915(g), from filing federal civil actions *in forma pauperis* ("IFP") while she is a prisoner. (ECF 3.) The Court warned Plaintiff that failure to comply with that order would result in the Court recognizing Plaintiff as barred under Section 1915(g), denying her IFP application, and dismissing this action without prejudice.[1] (*Id.* at 3.)

      Eighty-three days after, on October 27, 2022, the Clerk of Court mailed a second copy of the Court's September 28, 2022, order to Plaintiff, by order dated January 18, 2023, and entered

---

[1] The Court's docket of this action indicates that the Clerk of Court mailed a copy of the Court's September 28, 2022, order to Plaintiff, under the name Marita Glynise Talley Combs, two days later, on September 30, 2022. On October 25, 2022, it was returned to the court because there was "no prisoner number [provided] or [an] incorrect prisoner number [was provided, and the] name and number don't match." Two days later, on October 27, 2022, the Clerk of Court mailed another copy of the Court's September 28, 2022, order to Plaintiff, addressing the envelope containing the copy of the order to Marita Glynise Talley Combs, also known as Marita Glynise Talley. That copy of the order was not returned to the court.

the next day, the Court recognized Plaintiff as barred under Section 1915(g), denied her IFP application, and dismissed this action without prejudice due to Plaintiff's failure to file a declaration. (ECF 4.) The Court also issued a judgment on January 18, 2023, closing this action, which was entered one day later. (ECF 5.) The Court's docket of this action indicates that on January 20, 2023, the Clerk of Court mailed copies of the Court's January 18, 2023, order and judgment to Plaintiff, under the name Marita Glynise Talley Combs. In an effort to ensure that Plaintiff would receive copies of those court documents, three days later, on January 23, 2023, the Clerk of Court again mailed copies of those documents to Plaintiff in an envelope addressed to Marita Glynise Talley Combs, also known as Marita Glynise Talley. None of the copies of the Court's January 18, 2023, order and judgment that the Clerk of Court mailed to Plaintiff were returned to the court.

On February 10, 2023, the Court received from Plaintiff a "motion of order by declaration," in which she seems to claim that she did not receive a copy of the Court's September 28, 2022, order until November 3, 2022, and did not receive a copy of the Court's January 18, 2023, order and judgment until January 25, 2023. (ECF 6.) She also seems to challenge the basis for the Court's dismissal of this action. (*See id.*)

The Court liberally construes that submission as a motion to alter or amend the Court's January 18, 2023, judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and a motion for relief from the Court's January 18, 2023, order and judgment, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of

pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies Plaintiff's motions.

## DISCUSSION

**A.     Rule 59(e) relief**

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation and citations omitted).

Plaintiff has not demonstrated that the Court overlooked any controlling decisions or factual matters with respect to the Court's dismissal of this action. The Court therefore denies Plaintiff relief under Rule 59(e).

**B.     Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the Court denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation period, applicable to claims under Rule 60(b)(1) through (3), *see* Fed. R. Civ. P. 60(c)(1), by invoking the residual clause of Rule 60(b)(6), *see Brien*, 588 F.3d at 175 (internal quotation marks and citations omitted). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002).

Plaintiff has not demonstrated that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950) (recounting an example of extraordinary circumstances) (citation omitted). The Court therefore denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court construes Plaintiff's submission (ECF 6) as a motion to alter or amend the Court's January 18, 2023, judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure, and a motion for relief from the Court's January 18, 2023, order and judgment,

4

brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies those motions.

This action is closed. The Court directs the Clerk of Court to only accept for filing in this action documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why the Court should not bar her from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 21, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge